## Guthrie *versus* Kahle.

*Conveyance of land as security with separate defeasance, is a mortgage as between parties and others with notice.*

1. A conveyance of land merely as security for the loan of money with a separate defeasance, is but a mortgage both as between the parties, and as to all who have notice of the transaction.

2. Where a mortgagee of unseated lands (which the mortgagor had held by articles of agreement and had sold to the mortgagee by assignment endorsed thereon, taking an agreement for reassignment), received the title papers, had the land assessed to himself, paid taxes thereon, and compelled a trespasser to pay for timber cut and carried away therefrom, he was held a mortgagee in possession, and that his settlement for the trespass was a satisfaction therefor.

3. Hence the mortgagor could not, after the reassignment of the land to him, recover against the trespasser for that trespass.

4. The remedy of the mortgagor was against the mortgagee in possession for the timber cut and carried away, as for profits received by him, for which he was liable.

ERROR to the Common Pleas of *Jefferson county.*

This was an action of *trespass quare clausum fregit de bonis asportatis,* by James W. Guthrie against Frederick Kahle, Jr., and thirteen others, to recover damages for cutting and carrying away timber growing upon land claimed by the plaintiff, to which the defendants pleaded *liberum tenementum.*

All the material facts of the case will be found in the opinion of this court.

*George A. Jenks,* for plaintiff.

*David Barcly,* for defendants.

[Guthrie *v.* Kahle.]

· The opinion of the court was delivered, January 4th 1864, by

THOMPSON, J.—It has been so often determined that a conveyance of land merely as a security for the loan of money, with a separate defeasance, is but a mortgage, that it ought now to be regarded as an elementary principle, which needs not the citation of authorities to support. Between the parties and everybody else with notice of the transaction, it is a mortgage.

Guthrie, the plaintiff, transferred his title to the land on which he charges the defendant with committing the trespass by an instrument under seal of the following tenor :—

" For value received, I transfer and assign the land within mentioned to Daniel Aaron. John J. Y. Thompson will please make a deed to the aforesaid Aaron for said land. Witness my hand and seal, &c." This assignment was endorsed on the article between Guthrie and Thompson. On the same day, Aaron executed and delivered to Guthrie an agreement to reassign the land to him or his order, at any time within five years, on payment of the judgment of one McCreight against him, which he was to procure the transfer of to himself, and further setting forth, that he held the title to the land as collateral security for the judgment. None of these papers between Guthrie and Aaron were ever recorded.

The trespass for which this suit was brought took place whil Aaron held the land under this arrangement, and it becomes important to see what effect this assignment, accompanied by the acts of the parties to it, had upon the land, so far as the possession was concerned.

At the time of the assignment, the land was wholly unimproved, and not in the actual occupancy of any one. True, Guthrie's equitable title, as a purchaser, drew the seisin to him, but when he transferred it as he did, without retaining the occupancy, his legal seisin passed with it; at least this was the effect of it as to all who had no notice of the transaction. But in addition to this, the assignee received the title-papers, a thing a mortgagee rarely if ever does, had the land assessed to himself, paid taxes on it, asserted his right to protect it against trespassers, compelling those who committed any, to pay damages to him by virtue of his title ; whilst the plaintiff, so far as appears, exercised no acts of ownership until after the reassignment, which was some time after the trespass, and after the defendant had settled with Aaron for the damages done.

Now, in the first place, if Kahle was ignorant of the defeasance held by Guthrie, his settlement for the trespass with Aaron should bind him on the principle already stated, that it was a conveyance of the land, as to all parties ignorant of the defeasance. If the defendant did not know of this, and dealt upon the faith of the appearance of an ownership which the plaintiff gave

[Guthrie v. Kahle.]

to Aaron, the latter must abide by it, and cannot recover against his own act, which led to an error, if there was any error in it. The case was entirely barren of evidence of any knowledge to affect Kahle. But suppose the defeasance had been known to him, the whole case shows, by undisputed facts and the form of conveyance, that Aaron was a mortgagee in possession. The defendant then was a trespasser upon him, and not upon a party who had neither legal nor actual seisin. Aaron being a mortgagee in possession, would be answerable for the timber he sold to Kahle, for that was the effect of the transaction in taking pay for it after it had been severed by a trespass. It was a subsequent assent, which was as good to give legality or sanction as prior authority. In Givens v. McCalmont, 4 Watts 460, it is well settled that a mortgagee in possession is liable for waste— so is he certainly for profits. Under one or other of these heads of liability, Aaron would be answerable to Guthrie for the timber cut and carried away by Kahle, and paid for by him to Aaron. The court were right in treating Aaron as a mortgagee in possession; and his settlement with Kahle as a satisfaction of the damage done by him. At all events, the plaintiff was not entitled to recover, because he was not in possession when the trespass was committed, and another was in the actual possession.

The authority relied on by the learned judge, that Aaron was a mortgagee in possession, was Fluck v. Replogle, 1 Harris 406. That case asserts what it would be hard to maintain, viz., "that a mortgagee has a right to recover possession immediately on the execution of the mortgage," and "that a mortgage is the absolute conveyance of the mortgaged premises, to be defeated only on payment of the money at the day stipulated by the parties." These were obiter dicta. The case trying was, where a mortgage had long been due, and it was ejectment to enforce payment. In such a case nobody doubts but a recovery could be had in this form to enforce payment of the mortgage-money. But that is a different thing from recovering possession of the mortgaged premises before anything was due, as is said might be done in the case cited. Transmission of title is not an ordinary incident of a conveyance or mortgage. But certainly parties may make it an incident by the form of the mortgage, and their acts under it, as in the case in hand. The authority for the ruling of the learned judge was not good, we think, while the ruling itself was in our opinion, under the circumstances of the case, very right.

The mortgagee being in possession, and settling for the timber cut by Kahle, discharged the latter, and the plaintiff had no right to recover, either at common law or under the Act of 1824, against defendant for the alleged trespass.

Judgment affirmed.